980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Markland A. CHIN, Defendant-Appellant.
 No. 91-50385.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Nov. 27, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Markland Chin appeals his conviction following a conditional plea of guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Chin claims that (a) the district court erred in denying his request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), (b) the court infringed upon his Sixth Amendment right to confront witnesses when it sustained certain objections made during the suppression hearing, (c) government agents improperly seized a package he had deposited with a private mail courier, and (d) the length of time the package was detained was unreasonable. We affirm.
 
 
 3
 The court reviews the refusal of a district court to conduct a Franks hearing de novo. United States v. Elliot, 893 F.2d 220, 222 (9th Cir.1990). Findings of historical fact made at a suppression hearing are reviewed for clear error. United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1989).
 
 
 4
 Chin argues that the affidavit upon which the search warrant was issued contained falsehoods and omissions. If the affidavit, pruned of the alleged errors, still supports a finding of probable cause, then no Franks hearing is required. United States v. Dicesare 765 F.2d 890, 895 (9th Cir.), amended on other grounds, 777 F.2d 543 (9th Cir.1985). The district court's decision denying the Franks hearing was correct, because even if it did not include any of the challenged material, the affidavit would have been sufficient. The unchallenged portion of the affidavit relating to the dog sniff was sufficient to establish probable cause. United States v. Spetz, 721 F.2d 1457, 1464 (9th Cir.1983).
 
 
 5
 Chin argues that the officer lacked an articulable suspicion to justify stopping him outside the Federal Express office. However, no such suspicion is required to justify what the officer did. The agent followed Chin out of the office, asked to speak with him and told him he was free to leave. Chin consented to speak with the agent. The officer asked to see some identification and to examine the airbill for the package Chin had just mailed. He then returned those items. This conduct did not constitute a seizure within the meaning of Fourth Amendment, and no articulable suspicion was required. See United States v. Low, 887 F.2d 232, 234 (9th Cir.1989).
 
 
 6
 We have carefully reviewed the transcript of the suppression hearing to evaluate Chin's claim that the district court improperly limited his cross-examination of the DEA agents. We review for abuse of discretion. United States v. Catabran, 836 F.2d 453, 456 (9th Cir.1988). We find none.
 
 
 7
 The transcript allows for conflicting interpretations of Chin's position below, and we assume without deciding that he preserved his challenge to the propriety of the detention of his package. Assuming that he did, there was no seizure of his package after he voluntarily relinquished it to the Federal Express personnel, because the submission of the package for a dog sniff and holding it while Chin was questioned and a search warrant was obtained did not interfere with the normal course of delivery. United States v. Brown, 884 F.2d 1309 (9th Cir.1989). Chin's package was to be delivered the next day. A dog sniff is not a seizure, and Chin's package was not delayed by submitting it to the dog for sniffing, so Chin's constitutionally protected interest in the package was not violated. United States v. England, 971 F.2d 419 (1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3