# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1065

_____

United States of America,             *
                                      *

           Appellant,        *

                                      *      Appeal from the United States

     v.                         *      District Court for the District

                                      *      of North Dakota.

Dwight Dean Sundby,         *

                                        *

           Appellee.         *

_____

Submitted:  May 11, 1999
Filed: July 30, 1999

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

An Arizona postal inspector informed a Minnesota postal inspector of his suspicion that a first-class package addressed to Dwight Dean Sundby in North Dakota contained illegal drugs.  When the package reached the Minneapolis airport, a police officer detained the package and exposed it to a dog trained to detect drugs.  After the dog indicated the package contained contraband, authorities applied for a warrant to search the package.   The affidavit supporting the application stated:

> On May 18, 1997, a Narcotic-Trained Canine, "Grady," handled by
> Minneapolis/St. Paul Airport Police Officer Mike Rudolph, certified by

the United States Police Canine Association, was used for the detection of narcotics. Grady is trained and certified in the detection of marijuana, cocaine, crack cocaine, methamphetamine, and heroin. A systematic search was conducted at the Minneapolis/St. Paul Airport, in the office area, where the suspect parcel was mixed in with other parcels. The narcotics trained canine alerted in a positive, aggressive manner toward the Express Mail Parcel, indicated the presence of a narcotic odor. This parcel is addressed to Dwight Sundby . . . .

Concluding there was probable cause to believe the package contained illegal drugs, a magistrate judge issued a search warrant. When police opened the package, they found methamphetamine inside.

The Government brought drug charges against Sundby, and he moved to suppress the methamphetamine, asserting only "a lack of probable cause for the issuance of . . . the initial warrant[]." In his supporting brief, Sundby noted, "The sole basis for probable cause is the alert by the dog," and "[n]othing is offered in the affidavit . . . other than that the dog is narcotics trained and certified. No information is offered about continued training, continued certification, reliability, or error rates for [the dog]." Sundby also observed, "[N]o assertion is made that there was anything unusual about the package" that might support probable cause. Sundby requested "an evidentiary hearing . . . as required by Franks v. Delaware, 438 U.S. 154, 154-56 (1978)." The Government resisted Sundby's motion, arguing the magistrate judge could infer the dog was reliable from the affidavit's statement that the dog was trained and certified to detect narcotics, and the reliable dog alert alone provided probable cause.

Without holding an evidentiary hearing, the district court granted Sundby's motion because the warrant affidavit did not show that the dog was reliable or that the authorities had a reasonable suspicion that the package contained drugs when they detained it at the Minneapolis airport. Although Sundby never asserted officials lacked

-2-

a reasonable suspicion to justify the detention, the district court held that because "there was absolutely nothing presented to the magistrate [judge] to indicate why [the] package was suspect, . . . the authorities had already violated Sundby's [Fourth Amendment] rights by the time they brought in the dog of unknown skill." The Government appeals. Concluding the district court's suppression decision is clearly erroneous on this record, we reverse, but we remand for further suppression proceedings. See United States v. Thompkins, 998 F.2d 629, 631-32 (8th Cir. 1993) (standard of review).

The Government asserts the warrant affidavit's omission of the grounds for detaining Sundby's package does not invalidate the search warrant. We recognize individuals have a Fourth Amendment right to be free from unreasonable searches and seizures of items placed in the first-class mail, and law enforcement authorities must have a reasonable suspicion based on articulable, objective facts that a package contains contraband before detaining it from the mail without a warrant. See United States v. Van Leeuwen, 397 U.S. 249, 251-53 (1970); United States v. Johnson, 171 F.3d 601, 603 (8th Cir. 1999). Nevertheless, Sundby did not challenge the initial detention in the district court. We do not condone the Government's bare-bones approach, which rendered the search vulnerable to attack on both reasonable suspicion and probable cause fronts, but we find no authority stating the Government must include the reasons justifying the detention in a later application for a search warrant. Under the circumstances, the district court's ruling had the effect of ambushing the Government. Although the district court correctly recognized there was nothing in the record to support reasonable suspicion, the absence of evidence is a result of Sundby's failure to raise the issue. Had Sundby raised the reasonable suspicion issue, the Government undoubtedly would have responded by submitting evidence of both the facts supporting the postal inspector's suspicion, which are listed in the Government's appellate brief, and the basis for the postal inspector's inferences and deductions. See Johnson, 171 F.3d at 604-05. The district court then could have made a finding on the merits of the reasonable suspicion issue. In the interest of fairness, we believe we

should remand to the district court for pursuit of this course. If the district court finds the postal inspector lacked a reasonable suspicion that Sundby's package contained drugs, then detention of the package for the dog sniff violated Sundby's Fourth Amendment rights and the drugs must be suppressed. See id. at 603, 605.

Even without any evidence of a suspicious package, however, the warrant affidavit establishes probable cause. "Probable cause to issue a search warrant exists when the supporting affidavit sets forth sufficient facts to lead a prudent person to believe that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Johnson, 64 F.3d 1120, 1126 (8th Cir. 1995) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). We give great deference to the issuing magistrate judge's decision and consider only whether the judge had a substantial basis for finding probable cause. See United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995).

The Government contends the affidavit's explanation of the positive dog alert and the dog's certification to detect narcotics established a fair probability that the package contained drugs. A dog's positive indication alone is enough to establish probable cause for the presence of a controlled substance if the dog is reliable. See United States v. Carrazco, 91 F.3d 65, 67 (8th Cir. 1996); United States v. Delaney, 52 F.3d 182, 188 (8th Cir. 1995); United States v. Owens, 167 F.3d 739, 749 (1st Cir. 1999); United States v. Kennedy, 131 F.3d 1371, 1376-77 (10th Cir. 1997), cert. denied, 119 S. Ct. 151 (1998); United States v. Berry, 90 F.3d 148, 153 (6th Cir. 1996); United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir. 1993). To establish the dog's reliability, the affidavit need only state the dog has been trained and certified to detect drugs. See Kennedy, 131 F.3d at 1377; Berry, 90 F.3d at 153; United States v. Meyer, 536 F.2d 963, 966 (1st Cir. 1976). An affidavit need not give a detailed account of the dog's track record or education. See Delaney, 52 F.3d at 188; Kennedy, 131 F.3d at 1376-77; Berry, 90 F.3d at 153; United States v. Klein, 626 F.2d 22, 27 (7th Cir. 1980).

Here, the affidavit supporting the search warrant stated the dog and his handler are certified by the United States Police Canine Association, the dog is trained and certified in the detection of certain illegal drugs, and the dog was exposed to several packages at the same time and indicated Sundby's package contained contraband. On its face, the affidavit set forth enough facts to support a reasonable belief that the package probably contained drugs.

Although a search warrant based on a drug dog's alert is facially sufficient if the affidavit states the dog is trained and certified to detect drugs, see Kennedy, 131 F.3d at 1376-77, "a court may look behind a search warrant when the affiant intentionally or recklessly misleads the magistrate judge by making an affirmatively false statement or [by omitting] material information that would alter the magistrate judge's probable cause determination," id. at 1377; see Franks, 438 U.S. at 155-56. To warrant a hearing on the affidavit's veracity, the defendant must make "a substantial showing that the affidavit contains intentional or reckless false statements and [that] the affidavit, [if] purged of its falsities, would not be sufficient to support a finding of probable cause." Kennedy, 131 F.3d at 1376; see Franks, 438 U.S. at 155-56. Sundby requested a Franks hearing in his suppression motion, but he did not make the showing required to obtain one. In sum, the district court wrongly concluded the affidavit did not sufficiently show the dog's reliability and establish probable cause to support the search warrant. Thus, if the district court finds the postal inspector had a reasonable suspicion that Sundby's package contained drugs, validating the package's detention for the dog sniff, the drugs found in the search of the package should not be suppressed on remand.

Having rejected both of the district court's grounds for suppression, we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.