# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3982

_____

United States of America,          *
                                        *

          Appellee,          *    Appeal from the United States
                                        *    District Court for the District

     v.                      *    of Minnesota.
                                          *

Nicholas Vasquez,          *
                                          *

          Appellant.        *

_____

Submitted: May 9, 2000

Filed: May 23, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

FAGG, Circuit Judge.

Drug interdiction officers were examining the exterior of packages moving along a conveyor belt at the Federal Express parcel sorting station at the Minneapolis/St. Paul International Airport when a Federal Express employee brought a nondeliverable package to their attention. The package roused the officers' suspicions because it was incorrectly addressed even though the sender and recipient had the same last name; the air bill was handwritten, marked "priority overnight," and contained no account number; and the package was sent from California. Following the procedure for handling nondeliverable packages, the Federal Express employee obtained the

package's correct address and the package was then promptly placed at the rear of its designated delivery truck with other packages waiting to be recorded and loaded by the driver. Despite their suspicions, the officers did not give the driver any instructions about the package and did not otherwise attempt to interfere with the routine processing of the package or delay the driver's departure. As the driver continued to load the accumulated parcels unimpeded, however, the officers brought an on-site narcotics dog to sniff the packages. After the dog alerted to the suspicious package, the officers set the package aside, obtained a search warrant, and opened the package, finding approximately four pounds of methamphetamine. Following a controlled delivery of the package, Nicholas Vasquez was arrested and charged with several drug-related crimes. The district court denied Vasquez's motion to suppress the methamphetamine found in the package, and a jury convicted Vasquez, who now appeals.

Vasquez first claims the district court committed error in denying his motion to suppress because the officers improperly detained the package. We agree with Vasquez that "[l]aw enforcement authorities must possess a reasonable suspicion based on articulable facts that a package contains contraband before they may detain the package for investigation," United States v. Johnson, 171 F.3d 601, 603 (8th Cir. 1999), and we also agree with Vasquez that the factors initially identified by the officers as suspicious do not meet that standard, see id. at 604. Contrary to Vasquez's view, however, the officers' actions in examining the outside of the package and then subjecting the package to a dog sniff as it sat at the rear of the delivery truck do not constitute a detention requiring a reasonable, articulable suspicion because, at that point, the officers had not delayed or otherwise interfered with the normal processing of the package. See United States v. Harvey, 961 F.2d 1361, 1363-64 (8th Cir. 1992) (per curiam) (no seizure when officers moved bags from public overhead baggage area to aisle to facilitate dog sniff because owners were not aware the sniff was taking place and travel would not have been interrupted if dog had not detected contraband); United States v. Ward, 144 F.3d 1024, 1032-33 (7th Cir. 1998) (bag not detained when officer removed from luggage compartment of bus; detention occurred only when officer held

bag for later dog sniff, interrupting bag's transport and requiring placement on later bus if dog did not alert). On these facts, the detention occurred when the officers removed the package from the stream of mail in response to the dog's alert. Because the dog's positive alert provided a sufficient basis to hold the package, see United States v. Sundby, 186 F.3d 873, 876 (8th Cir. 1999) (dog's positive alert establishes probable cause), the district court properly denied Vasquez's motion to suppress.

Vasquez also contends the district court abused its discretion by allowing the Government's expert witness to testify at trial that drug traffickers do not typically use couriers who are unaware they are transporting drugs. Because one of Vasquez's defense theories was that he did not know the package contained drugs, Vasquez argues this testimony violated Federal Rule of Evidence 704(b), which prohibits experts from stating "an opinion . . . as to whether the defendant [had] the [requisite] mental state . . . of the crime charged." We disagree. The expert offered no improper opinion concerning Vasquez's personal knowledge of the contents of the package, see United States v. Willis, 61 F.3d 526, 532-33 (7th Cir. 1995), and the district court properly permitted the expert's general testimony about "'the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar,'" United States v. Brown, 110 F.3d 605, 610 (8th Cir. 1997). Likewise, we reject Vasquez's related contention that the expert's testimony was prejudicial drug courier profile testimony, because the testimony was not admitted to establish Vasquez's guilt by showing he fit the characteristics of a courier profile. See United States v. Cordoba, 104 F.3d 225, 229-30 (9th Cir. 1997); United States v. Buchanan, 70 F.3d 818, 833 n.19 (5th Cir. 1995).

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.