HANSEN, Circuit Judge,
concurring.
Although I wholeheartedly agree with today’s result, I write separately because I conclude that no seizure occurred in this case until Officer Meyer infringed upon Demoss’s interest in the timely delivery of the package. I also conclude that the drug dog’s positive alert to the package generated probable cause to justify the seizure.
The Fourth Amendment provides that the “right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.” U.S. Const, amend. IV. A parcel delivered to a private mail carrier is an “effect” within the meaning of the Fourth Amendment. United States v. Jacobsen, 466 U.S. 109, 114, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). “[Ijndividuals have a Fourth Amendment right to be free from unreasonable searches and seizures of items placed in the ... mail.... ” United States v. Sundby, 186 F.3d 873, 875 (8th Cir.1999). Whether Demoss is entitled to Fourth Amendment protection in this case, however, first turns upon a threshold question: whether, within the meaning of the Fourth Amendment, Officer Meyer “seized” this parcel. See Minnesota v. Carter, 525 U.S. 83, 92, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (Scalia, J., concurring) (stating that determination of whether “seizure” has occurred is threshold question to Fourth Amendment analysis). A “seizure” of property or effects “occurs when there is some meaningful interference with an individual’s possessory interests in that property.” Jacobsen, 466 U.S. at 113, 104 S.Ct. 1652.
In concluding that Meyer “seized” this package in a constitutional sense the moment he lifted it off the conveyor belt, the district court relied upon language in United States v. Reeves, 233 F.3d 555 (8th Cir.2000), Sundby, and United States v. Johnson, 171 F.3d 601 (8th Cir.1999), stating that “law enforcement authorities must have a reasonable suspicion based on artic-ulable, objective facts that a package contains contraband before detaining it from the mail without a warrant.” Sundby, 186 F.3d at 875. The district court’s and De-moss’s reliance on these cases is unfounded, however, because these cases simply do not address the threshold seizure issue. Rather, in Reeves, Sundby, and Johnson the parties conceded or we assumed that a seizure had occurred, and we then resolved the issue of whether the seizure was supported by antecedent reasonable suspicion. In Johnson, we held that an inspection officer did not have a reasonable suspicion to “intercept and detain” an express mail package. Johnson, 171 F.3d at 605. We *638 did not, however, recite the facts supporting this assumption. Instead, we merely stated that it was undisputed that the package was “intercepted and detained.” Id., 171 F.3d at 602. Similarly, in Sundby, we simply assumed the package was “seized,” and thus we failed to recite any facts detailing the manner in which the authorities detained it. Sundby, 186 F.3d at 874. In Reeves, we affirmed the district court, concluding that the seizure of a package was supported by reasonable suspicion. The majority opinion did not recite the facts of the case, nor did it address the seizure issue. Judge Bye, in dissent, did recite the facts of the case, which are markedly different from the facts presented here. In Reeves, the Sidney, Nebraska, postmaster rerouted a package destined for Sidney to Omaha for further inspection. The Omaha postmaster detained the package for two days before he conducted, with the assistance of law enforcement officials, a controlled delivery of the package. The assumed seizure in Reeves was a “two-day detention.” Reeves, 233 F.3d at 560 (Bye, J., dissenting). Thus, Reeves indicates, if anything in regard to this issue, that a “seizure” of mail involves a more substantial interference with the processing and delivery of mail than what occurred in this case.
We did have the opportunity to address the threshold seizure issue in United States v. Vasquez, 213 F.3d 425 (8th Cir. 2000). In Vasquez, we held that officers’ “actions in examining the outside of [a] package and then subjecting the package to a dog sniff as it sat at the rear of [a] delivery truck do not constitute a detention requiring a reasonable, articulable suspicion.” Id. at 426. We reasoned that there was no “seizure” because “the officers had not delayed or otherwise interfered with the normal processing of the package.” Id. (emphasis added). In support of this proposition, we cited United States v. Harvey, 961 F.2d 1361, 1363-64 (8th Cir.) (per curiam), cert. denied, 506 U.S. 883, 113 S.Ct. 238, 121 L.Ed.2d 173 (1992), for the following proposition: there is “no seizure when officers moved bags from public overhead baggage area to aisle to facilitate dog sniff because owners were not aware the sniff was taking place and travel would not have been interrupted if dog had not detected contraband.” Vasquez, 213 F.3d at 426 (emphasis added). We also relied upon United States v. Ward, 144 F.3d 1024, 1032 (7th Cir.1998), for this proposition: “detention occurred only when officer held bag for later dog sniff, interrupting bag’s transport and requiring placement on later bus if dog did not alert.” Vasquez, 213 F.3d at 427 (emphasis added). Vasquez, Harvey, and Ward reveal that a “meaningful interference” with an individual’s possessory interest in luggage or mail deposited with a common carrier must involve something more than the mere lifting of a package off a conveyor belt in a mail sorting facility.
In Harvey, police officers boarded an empty Greyhound bus with a drug-sniffing dog after the passengers had exited the vehicle during refueling. The dog alerted, indicating that narcotics were contained in the overhead bins. The officers moved the luggage from the overhead bins to the aisle to facilitate a dog sniff. The dog alerted to two of the bags, and the officers then located and arrested the owners of the bags. We held that “because there was no meaningful interference with appellants’ possessory interests in their baggage, ... no seizure occurred.” Harvey, 961 F.2d at 1364.
In Ward, the defendant purchased a Greyhound bus ticket from Los Angeles to Indianapolis. The defendant did not board the bus; instead, he checked a bag containing cocaine at the Greyhound terminal in Los Angeles and took a flight to Indianapolis to retrieve the bag at its destination point. En route to Indianapolis, the *639 bus made a scheduled stop in Springfield, Missouri. The Drug Enforcement Agency (DEA) routinely inspected eastward bound buses passing through Springfield, and DEA agents did inspect the bus transporting Ward’s bag. The DEA agents removed the bag from the luggage compartment of the bus and presented the bag to a narcotics-detection dog. The dog alerted to it, but before the agents could place the bag back on the bus, the bus departed for Indianapolis. The DEA agents in Springfield called ahead and had agents prepare a look alike bag for delivery in Indianapolis. The agents arrested Ward when he attempted to retrieve the bag at the Indianapolis Greyhound terminal. The Ward court stated that “[i]t was as if he had shipped a package with Greyhound.” Ward, 144 F.3d at 1031. The Ward court concluded that the mere movement of a bag not in the possession of the owner is not a seizure per se, but that the handling of the bag could ripen into a seizure if the handling of the bag interfered with the recipient’s expectation of timely delivery. The Ward court reasoned that when a person delivers a parcel to a common carrier for delivery, then “the owner’s posses-sory interest is defined by the common carrier’s contractual obligation to deliver the bag at a specified time_[A] detention does not begin to interfere with the owner’s possessory interest until it delays delivery of the package beyond the contractually agreed upon hour.” Id. at 1031. Because a “person who deposits an item in the ... mail retains far less of an interest in the mailed item than does a person who checks his luggage for transport with a common carrier,” United States v. England, 971 F.2d 419, 420 (9th Cir.1992), the rationale underlying Harvey and Ward applies with even greater force to this case.
Demoss could have had no reasonable expectation that his parcel would not have been handled by other persons and that its exterior would not have been exposed to others for viewing. Cf. Ward, 144 F.3d at 1032 (“He could reasonably have foreseen that the bag would be handled, moved around, and even taken off the bus.... He could have no reasonable expectation ... that the bag would not be touched, handled, or even removed from the bus prior to the bag’s arrival in Indianapolis.”). De-moss had no possessory interest in having his package routed on a particular convey- or belt, sorted in a particular area, or stored in any particular sorting bin for a particular amount of time. His only pos-sessory interest in the package was timely delivery, and until Officer Meyer’s actions impinged upon that interest, there was no seizure. Officer Meyer’s action in merely lifting this parcel off a conveyor belt and setting it aside for a brief inspection that would not have otherwise interfered with timely delivery (but for the positive alert from the narcotics dog) impinged upon no cognizable Fourth Amendment interest. See United States v. Place, 462 U.S. 696, 717 n. 5, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (“ ‘[T]he mere detention of mail not in [one’s] custody or control amounts to at most a minimal or technical interference with [one’s] person or effects, resulting in no personal deprivation at all.’ ” (emphasis added)) (Brennan, J., concurring) (quoting United States v. Place, 660 F.2d 44, 53 (2d Cir.1981), aff'd, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)); Ward, 144 F.3d at 1033 (“[Officer] did not ‘seize’ Ward’s bag merely by touching and then removing it from the luggage compartment. Handling the bag to that limited extent did not impinge on any of the rights that the Fourth Amendment protects.”); England, 971 F.2d at 420 (concluding that setting aside mail parcel for dog sniff does not amount to seizure because “[i]t is the extent of the interference with the defendant’s possessory interest in his property, not the physical movement of the property, that determines whether a seizure has occurred”).
*640 Thus, I agree with the court when it concludes that this package was not seized for Fourth Amendment purposes when Officer Meyer lifted it from the conveyor belt, but I respectfully disagree that it became seized when he then moved it away from the conveyor belt for a dog sniff. In this circumstance, there is no legally relevant distinction between lifting and holding this package for an instant and lifting and holding this package for twenty minutes, so long as its ultimate contracted for timely delivery was not frustrated. In neither case is Demoss’s possessory interest in the parcel infringed. Thus, for Fourth Amendment purposes, any attempt to draw a meaningful distinction between these two circumstances would be impracticable if not impossible. I choose to cast my lot with those cases both from this and other circuits indicating that a piece of luggage or mail delivered to a common carrier is not “seized” within the meaning of the Fourth Amendment until the authorities have interfered with a possessory interest in the luggage or mail such that the expectation of timely delivery of the package or luggage has been frustrated. See United States v. Johnson, 990 F.2d 1129, 1132 (9th Cir.1993) (concluding that there is no seizure where the detention of luggage “in no way interfered with his travel, or frustrated his expectations with respect to his luggage”); England, 971 F.2d at 421 (concluding that detaining mail and subjecting it to dog sniff does not amount to seizure until packages are “delayed by their detention”); United States v. Riley, 927 F.2d 1045, 1048 (8th Cir.1991) (dictum) (stating that handling luggage and exposing it to a narcotics-detecting dog while the luggage was still in possession of a third party common carrier “was minimally intrusive,” and may not be a “seizure at all”); Id. at 1048 n. 4 (stating that there is “no ‘seizure’ when police dog sniffed luggage still in possession of third party common carrier and the procedure caused no significant delay to the suspect’s travel”); United States v. Lovell, 849 F.2d 910, 916 (5th Cir.1988) (“The momentary delay occasioned by the bags’ removal from the conveyor belt was insufficient to constitute a meaningful interference with ... [a passenger’s] posses-sory interest in his bags. As a result, the agents’ action did not constitute a seizure.”).
Accordingly, I would hold that no seizure occurred in this case until Officer Meyer detained the package to the extent that he interfered with a timely delivery of the package. Of course, at that point, such a seizure was justified by the antecedent probable cause the officer had which was engendered by the narcotics dog’s positive alert to the package. See Vasquez, 213 F.3d at 427 (stating that positive alert establishes probable cause). I concur in our court’s reversal of the district court’s judgment.