# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3823

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jose Arcadio Guillen Tapia, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 15, 2012
Filed: July 23, 2012

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jose Arcadio Guillen Tapia entered a conditional guilty plea to possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On appeal, he challenges the district court's[1] denial of a motion to suppress evidence. We affirm.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

I.


On Saturday, November 20, 2010, United Parcel Service (UPS) agents at the Minneapolis airport called police after they were unable to deliver a package that was covered with stickers and that had been sent next-day air from a private address in California. Detective Mark Meyer, a Metropolitan Airport Commission police officer, responded to the call. Meyer entered the UPS office with a canine trained and certified in drug detection. The dog alerted to the presence of narcotics in the package upon entering the office. Meyer then examined the air bill associated with the package and determined that the package looked suspicious because it was addressed from one person to another rather than from a business, originated from a source state, displayed "handle with care" stickers, and was sent next-day air from a mail store. Meyer testified that excessive markings or packaging is a hallmark of a package containing drugs. He also testified that drug dealers prefer next-day air shipping to reduce the amount of time the package is in a shipping system, but that this practice draws suspicion because the cost of next-day air shipping usually limits the practice to businesses, rather than individuals. The characteristics of the package and the dog's alert led Meyer to believe the package contained illegal drugs.

After completing a property inventory sheet for UPS, Meyer took the package with him to his office and locked it in a conference room for the remainder of the weekend. On Monday, November 22, 2010, Meyer obtained a search warrant for the package, and Meyer's supervisor opened the package. Field testing determined that the package contained one pound of methamphetamine.

Officers made a controlled delivery to the address indicated on the package. Tapia signed for the package and accepted its delivery. Tapia was then arrested and later charged with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. He filed a motion to suppress evidence, and the matter was referred to a magistrate judge. Following a hearing, the magistrate

-2-

judge recommended that the district court deny Tapia's motion. After the district court adopted the recommendation, Tapia pled guilty pursuant to a conditional plea agreement, which reserved his right to appeal the issue of whether the "government had reasonable, articulable suspicion to seize the package that contained the drugs." Plea Agreement ¶ 8.

## II.

Tapia contends that law enforcement did not have reasonable, articulable suspicion to seize the package because the package was seized prior to the dog alerting to it. The government maintains that the dog alerted to the package before it was seized, so the alert provided the reasonable suspicion, if not probable cause, to seize the package. The district court found that UPS initially detained the package, and then notified Meyer of its suspicion.

When reviewing a denial of a motion to suppress evidence, "[w]e review the district court's legal conclusions about reasonable suspicion *de novo*, and we review the court's underlying findings of historical fact for clear error." United States v. Huerta, 655 F.3d 806, 809 (8th Cir. 2011) (citations omitted). The Fourth Amendment "is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." United States v. Jacobsen, 466 U.S. 109, 114-15 (1989) (internal quotation omitted). Meyer testified that he did not instruct UPS agents on how to deal with the package prior to his arrival at the UPS office. The UPS agent's decision to hold the package in the office and invite Meyer to inspect it did not fall within the protection of the Fourth Amendment because the agent was a private actor and was not acting at the behest of a governmental official.

As a law enforcement officer, Meyer needed "reasonable suspicion that a piece of mail, or a package shipped via a commercial carrier, contains contraband to lawfully seize it for investigative purposes." United States v. Lakoskey, 462 F.3d 965, 975 (8th Cir. 2006) (quoting United States v. Smith, 383 F.3d 700, 704 (8th Cir. 2004)). A seizure occurs "when there is some meaningful interference with an individual's possessory interests in that property." Jacobsen, 466 U.S. at 113.

Tapia argues that Meyer seized the package upon observing it in the UPS office. This argument fails, however, because Meyer's testimony, accepted as truthful by the district court, established that he did not examine or exercise control over the package until after the dog alerted to it, which justified Meyer's decision to seize it. See United States v. Sundby, 186 F.3d 873, 876 (8th Cir. 1999) (a reliable, trained dog's positive alert establishes probable cause for the presence of a controlled substance).

Tapia also challenges the search warrant obtained to open the package. Tapia waived this argument in his plea agreement, however, reserving the right to appeal only "the issue of whether the government had reasonable, articulable suspicion to seize the package that contained the drugs." Plea Agreement ¶ 8. We thus do not consider this argument on appeal.

### III.

The order denying the motion to suppress is affirmed.

_____