NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>JUSTIN ROBERT WHITE CRUZ,<br><br>    Defendant-Appellant. | No.   17-10138<br><br>D.C. No.<br>1:15-cr-00041-FMTG-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted October 12, 2018
Honolulu, Hawaii

Before:  WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Justin Robert White Cruz ("Cruz") appeals his drug and related witness

tampering and obstruction convictions under 21 U.S.C. §§ 841, 846, 1512, and

1510.  He argues that the district court erroneously denied his motions to suppress

two packages ("Sullivan packages"), which contained distributable quantities of

methamphetamine and were held by a postal clerk at the direction of police.  We

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court's finding that United States Postal Service Task Officer Jeffrey Palacios ("Officer Palacios") instructed the postal clerk at UR Market to set aside the two Sullivan packages—and that she did as instructed—was not clearly erroneous. The postal clerk did not respond when directly asked whether she would have delivered the packages to the recipient had they arrived before Officer Palacios. And the district court could properly have drawn a negative inference from that questioning sequence.

The district court correctly held that the postal clerk's removal of the Sullivan packages from the stream of delivery, for the purpose of awaiting Officer Palacios arrival, was a "meaningful interference with . . . [Cruz's] possessory interests in" the packages and thus constituted a seizure. *United States v. England*, 971 F.2d 419, 420 (9th Cir. 1992) (citation and internal quotations omitted); *see United States v. Hernandez*, 313 F.3d 1206, 1210 (9th Cir. 2002).

The district court incorrectly found that reasonable suspicion existed to justify this seizure, as the government now concedes. *See United States v. Aldaz*, 921 F.2d 227, 229 (9th Cir. 1990) ("Postal authorities may seize and detain packages if they have a reasonable and articulable suspicion of criminal activity." (citation omitted)); *see also United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994) (defining when a private individual is acting as a government agent). Because the

Sullivan packages were seized without reasonable suspicion in violation of Cruz's Fourth Amendment rights, and because the government also concedes that it cannot show the seizure was harmless error, we reverse the denial of the motions to suppress, vacate Cruz's convictions, and remand this case to the district court for further proceedings. *See United States v. Job*, 871 F.3d 852, 865 (9th Cir. 2017).

**REVERSED.**